

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS

### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Mr. Sheppard:

Opinion No. O-2595-A

Re: Authority of the Comptroller to pass the account of Texas Prison System audit for payment without the approval of the State Board of Control.

Your request for a supplemental opinion concerning the above subject-matter is as follows:

"This department recently submitted to you Texas Prison System audit #4812 and requested you to advise whether or not the Comptroller could pass the account for payment without the approval of the State Board of Control. The Board of Control had refused to approve the account for the reason that no purchase contract was let by them.

"You answered this request by your opinion O-2595, and apparently, based your opinion upon the issue as to purchase.

"There is no contention between the Prison System and the Board of Control with reference to the purchase of the article. The point at issue is whether or not the Board of Control would be required to approve this account since the contract was based primarily on the issue of installation and not on the purchase of the article.

"The Prison System contends that since the contract calls for the installation of the machinery that the Board of Control would not

Hon. Geo. H. Sheppard, page 2.

be required to approve the estimates or vouch-
ers before this department would be authorized
to issue warrants in payment thereof."

Your request upon which Opinion No. 0-2595 was
written stated:

"The State Board of Control has refused
to approve this account for the reason that
no purchase contract was let by them."

We did, therefore, confine our answer to the specific ques-
tion as presented.

An examination of the signed contract between
Cameron Can Machinery Company and the Texas Prison System
shows that the purchase of the machinery contemplated and
required the installation of the same. If the contract had
been for installation alone, it might not come within the
exclusive province of the Board of Control under Article
634 of the statutes, but the contract as a whole is one for
the purchase of machinery, such machinery to be duly in-
stalled. Since the contract embraces a purchase within the
meaning of Article 634, Revised Civil Statutes, it was one
which could not be let without the approval of the Board of
Control, the installation of such machinery being an inci-
dent to the contract of purchase, but of course an integral
part of the one and only contract entered into. This form
of contract for purchase obviously is the one favored by
the Texas Prison System, for it was executed by the System.

From what we have said, it follows that the con-
tract of purchase, although it carried with it an agreement
for installation of the machinery purchased, should have
been made by the Board of Control instead of by the Texas
Prison System.

Since the purchase including the installment of
the machinery as we have held, was exclusively the province
of the Board of Control and since said purchase presumably
is one that should have been made upon competitive bids in
accordance with the statutes (Article 634, et seq.), the
Board of Control would have no power to impart validity to
the seller's claim by an approval of the audit at this time.

Hon. Geo. H. Sheppard, page 3.

For a full discussion of this question see our Opinion No. O-2612, a copy of which accompanies this reply.

The claim should not be passed for payment.

Yours very truly

APPROVED AUG 27, 1940

FIRST ASSISTANT
ATTORNEY GENERAL

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

OS:MR

THIS OPINION
CONSIDERED AND
APPROVED IN
LIMITED
CONFERENCE